**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| **LESLIE WESTFALL**, *Petitioner*, *v.* **WARDEN B. WINGFIELD**, *Respondent*. | CAUSE NO. 3:25-CV-547-CWR-ASH |

**ORDER**

Before the Court is Magistrate Judge Andrew S. Harris's Report and Recommendation, Docket No. 20, which recommends that Petitioner Leslie Westfall's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, Docket No. 1 ("Petition"), be dismissed without prejudice for failure to exhaust. The Court has reviewed the Petition, Petitioner's Objections to the Report and Recommendation, Docket No. 21 ("Objections"), and Respondent's Response in Opposition to Petitioner's Objections, Docket No. 22. For the reasons discussed below, the Court adopts the Report and Recommendation.

Declining to concede that he was "required to pursue [] administrative appeals following the constructive denial of his BP-9," Petitioner submits that, regardless of what "would ordinarily be required," the "exhaustion requirement should not bar consideration of *this* § 2241 petition." Objections at 1-3 (emphasis added). Citing *Fuller v. Rich*, 11 F.3d 61 (5th Cir. 1994) (per curiam), Petitioner protests that "further administrative remedies were unavailable in any meaningful sense," such that his failure to exhaust should be "excused." Objections at 2-3. Although the Fifth Circuit does recognize that "[e]xceptions to the

exhaustion requirement are appropriate where the available administrative remedies [] are unavailable or . . . where the attempt to exhaust . . . would itself be [] patently futile," those exceptions "'apply only in extraordinary circumstances,' and the petitioner has the burden to establish that administrative review would be futile." *McKinney v. Painter*, No. 19-50010, 2022 WL 287558, at *3 (5th Cir. 2022) (quoting *Fuller*, 11 F.3d at 62).

According to Petitioner, the "administrative process cannot reasonably be characterized as meaningfully available where the agency fails to act on a properly filed administrative remedy for months beyond the regulatory deadline and provides no written extension or explanation for the delay." Objections at 2. But as Petitioner acknowledges (Objections at 1) and Judge Harris explains (Report and Recommendation at 3), the BOP regulations entitled Petitioner to treat the "absence of a response" as a "denial." *See* 28 C.F.R. § 542.18. And that "constructive denial" did not "prevent[] Petitioner from obtaining the administrative decision contemplated by 28 C.F.R. § 542.18," Objections at 2-3, but rather enabled Petitioner to "pursue [his] appeals," *Flores v. Lappin*, 580 F. App'x 248, 250 (5th Cir. 2014) (per curiam). "Additional administrative steps," Objections at 3, *were* required (namely, "filing a BP-10 with the Regional Director," Report and Recommendation at 4), and Petitioner has not carried his burden to demonstrate that pursuing those steps would have been futile.

For these reasons, Petitioner's objection is overruled. The Report and Recommendation, Docket No. 20, is adopted as this Court's own findings and the Petition, Docket No. 1, is dismissed without prejudice. A separate Final Judgment shall issue.

**SO ORDERED**, this the 2nd day of October, 2026.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE